574 F.2d 1173
 17 Fair Empl.Prac.Cas. 213, 16 Empl. Prac.
Dec. P 8234
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant,
v.
AMERICAN NATIONAL BANK, Appellee,
Equal Employment Advisory Council, Amicus Curiae.
 No. 76-2452.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 7, 1978.
Decided April 18, 1978.
 
 William H. Ng, Atty., E. E. O. C., Washington, D. C. (Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel, E. E. O. C., Washington, D. C., on brief), for appellant.
 Paul M. Thompson, Washington, D. C. (Jack W. Burtch, Jr., Hunton & Williams, Richmond, Va., on brief), for appellee.
 Avrum M. Goldberg and Marc E. Lackritz, Robert E. Nagle, Wald, Harkrader & Ross, Robert E. Williams and Douglas S. McDowell, McGuiness & Williams, Washington, D. C., on brief), for amicus curiae, Equal Employment Advisory Council.
 Before WINTER, BUTZNER and RUSSELL, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 The Equal Employment Opportunity Commission brought this suit alleging that since May, 1969, American National Bank has engaged in a pattern and practice of racial discrimination against blacks in violation of § 703 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. On the bank's motion for summary judgment, the district court dismissed the action because of unreasonable delay prejudicing the bank.* Relying largely on Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), which was decided after the district court acted, we vacate the order of dismissal and remand the case for further proceedings.
 
 
 2
 * Sandra Holland filed a charge with the commission in June, 1969, alleging that she had applied for employment at the Suffolk, Virginia, branch of American National Bank a month earlier and that the bank did not hire her because she is black. The commission did not complete its investigation or determine whether there was reasonable cause for believing the charge, as required by 42 U.S.C. § 2000e-5(b), until March, 1974. In its notice to the bank of its determination of reasonable cause, the commission reported that its investigation disclosed that most of the bank's black employees held menial jobs; that the proportion of white persons employed as tellers and clerks greatly exceeded the proportion of white people in the community; that the bank utilized tests for hiring which discriminated against blacks; that in the absence of business necessity it relied on adverse references without permitting applicants to explain or refute them; and that without showing any business necessity, it utilized credit status as an employment criterion notwithstanding its disproportionate impact on black applicants. In accordance with the statute, the commission attempted to conciliate these charges. After conciliation failed, the commission issued Holland a right to sue letter in August, 1974, but she elected not to proceed.
 
 
 3
 In January, 1976, nearly seven years after the charge had been filed, the commission brought this action pursuant to 42 U.S.C. § 2000e-5(f)(1). In its complaint it alleged a pattern and practice of discrimination specifying that the bank had a continuing policy of excluding black persons from employment, used pre-employment selection devices which exclude black applicants, and hired a disproportionately large number of black persons for menial jobs that deny them the opportunity for advancement open to white employees. During pre-trial discovery, the commission claimed 47 persons had been discriminatorily denied employment.
 
 
 4
 In a deposition taken in June of 1976, Holland testified that she applied for a job at the bank's Suffolk branch in 1965 and 1968, but she could not recall whether she applied there in 1969. She also said that she threw away her records "a long time ago." The manager of the Suffolk branch at the time of Holland's charge is now retired. He testified that the bank's records contain no May, 1969, application from Holland for the Suffolk branch, but that he found an October, 1969, application in which she applied for work at the Portsmouth branch. The bank preserved all of the applications for employment at Suffolk from 1969 to date.
 
 
 5
 The district court concluded that an affirmative defense in the nature of laches is available to defendants in actions brought by the commission pursuant to Title VII. It held that the elements of this defense are (1) unreasonable or unexplained delay in bringing proceedings and (2) resulting prejudice to the defendant. It found that evidence had been lost and memories dimmed concerning Holland's initial charge, and it ruled that the commission's heavy workload offered no justification for the delay.
 
 II
 
 6
 In Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), the Supreme Court held that no federal statute of limitations applies to the filing of suits by the commission once jurisdiction over a complaint is properly obtained. 432 U.S. at 358-66, 97 S.Ct. 2447. Noting that Congress was aware of the delays caused by a burdensome workload when it assigned additional duties to the commission in 1972, the Court concluded that Congress did not intend that state limitations statutes should be applied. 432 U.S. at 366-72, 97 S.Ct. 2447. The Court recognized, however, that despite the protections afforded during the administrative phase of the proceedings, a potential defendant might be prejudiced by the commission's inordinate delay. In such cases, it observed, federal courts have ample power to limit the relief to which the commission is entitled. It stated:
 
 
 7
 This Court has said that when a Title VII defendant is in fact prejudiced by a private plaintiff's unexcused conduct of a particular case, the trial court may restrict or even deny backpay relief. . . . The same discretionary power "to locate 'a just result' in light of the circumstances peculiar to the case," . . . can also be exercised when the EEOC is the plaintiff. 432 U.S. at 373, 97 S.Ct. at 2458.
 
 
 8
 These principles govern the case now before us.
 
 
 9
 As we have previously mentioned, the commission's suit was not concerned merely with the Holland charge; it alleged a pattern and practice of racial discrimination. The commission was entitled to bring suit on these broader allegations because they were founded on the reasonable cause determination and conciliation efforts. EEOC v. General Electric Co., 532 F.2d 359 (4th Cir. 1976). In contrast, the district court's finding of prejudice rested primarily on the lost evidence concerning Holland's initial charge. This loss may justify denial of relief to Holland, but it does not establish the bank's inability to defend the pattern and practice suit.
 
 
 10
 Applying Occidental, we conclude that the district court should not have dismissed the commission's suit. Whether the commission's delays caused prejudice that will justify a limitation of the relief which the district court should decree can best be considered after the facts have been fully developed, if the commission ultimately prevails. Cf. EEOC v. Airguide Corp., 539 F.2d 1038, 1042 n. 7 (5th Cir. 1976); EEOC v. General Electric Co., 532 F.2d 359, 371-72 (4th Cir. 1976).
 
 
 11
 Accordingly, the order of dismissal is vacated, and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The district court's opinion is reported as EEOC v. American National Bank, 420 F.Supp. 181 (E.D.Va.1976)